AMERICAN NUCLEAR CORPORATION, Elizabeth W. Jenkins, Page T. Jenkins, Jane P. Wold, and John S. Wold, Plaintiffs,

v.

Cecil D. ANDRUS, Individually and as Secretary of the Interior, Defendant.

No. C74–42K.

United States District Court, D. Wyoming.

July 7, 1977.

Harold S. Bloomenthal of the law firm of Roath & Brega, Denver, Colo., Lathrop & Uchner, Cheyenne, Wyo., for plaintiffs.

Gerald Fish, Atty., U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

BRIMMER, District Judge.

Plaintiffs brought this action to establish their right to coal prospecting permits un-

der Section 2(b) of the Mineral Leasing Act of 1920, as amended, 30 U.S.C. Section 201(b).

In April, 1971 Plaintiffs Page T. Jenkins and Elizabeth W. Jenkins filed applications to the Bureau of Land Management of the Interior Department, for six coal prospecting permits and in September, 1971 Elizabeth W. Jenkins filed for two additional permits. Plaintiffs John S. Wold and Jane P. Wold also filed applications to the Bureau of Land Management for seven coal prospecting permits in 1971, three of which were filed by John S. Wold in February and the remaining four by Jane P. Wold in December, 1971. On February 1, 1973, all interests in these applications, except for some reserved royalty rights, were transferred to the plaintiff, American Nuclear Corporation.

Less than three weeks after the transfer of the coal prospecting permit applications, the defendant's predecessor, as Secretary of Interior, issued Secretarial Order No. 2952 which placed a moratorium on the issuance of any further coal prospecting permits. The Wyoming state office of the Bureau of Land Management thereafter rejected all of the applications for prospecting permits in question here. The Interior Board of Land Appeals affirmed the decision of the Bureau of Land Management, citing Secretarial Order No. 2952 as the basis for its ruling.

Plaintiffs then brought action in the federal District Court of Wyoming to reinstate their applications and declare the actions of the Bureau of Land Management and Interior Board of Land Appeals improper. This Court entered a summary judgment in favor of the plaintiffs, finding that rejection of the applications without a hearing was a denial of due process, and further concluding that the Secretary of Interior failed, in connection with Order No. 2952, to comply with the National Environmental Policy Act, (N.E.P.A.) 42 U.S.C. Section 4332(2)(c). The Court found that a negative declaration that N.E.P.A. did not apply, without setting forth the reasons for such decision was insufficient, and remanded the matter back to the Secretary of Interior for compliance with N.E.P.A. The Court finally reinstated the applications of the plaintiffs giving them the opportunity to be heard before cancellation of these permits. From this decision the defendant appealed.

However, prior to an opinion on this matter by the Tenth Circuit Court of Appeals, Congress passed the Federal Coal Leasing Amendments Act of 1975, Pub.Law 94–377, 90 Stat. 1083, 1085, effective August 4, 1976, terminating the issuance of coal prospecting permits subject only to "valid existing rights." The Federal Coal Leasing Amendments gave the Secretary of Interior the power to grant exploration licenses, but these licenses do not give the person to whom they are issued the preference right to a lease as had the Mineral Leasing Act. Coal leases are now issued only after competitive bidding. On appeal, the Tenth Circuit Court of Appeals vacated the prior judgment and remanded the matter back to this Court with instructions to consider the applicability of the Federal Coal Leasing Amendments Act to this case.

Plaintiff has now filed a motion for summary judgment to establish its right to a coal prospecting permit by way of the "valid existing rights" savings clause of the Federal Coal Leasing Amendments Act. Defendant has also filed a motion for summary judgment.

Both parties agree, and this Court concurs, that the Federal Coal Leasing Amendments Act of 1975 terminated the authority of the defendant to reinstitute a coal prospecting permit program. No purpose would be served by requiring the Secretary to justify Order No. 2952 under N.E.P.A. The only issue remaining for this Court to decide, is whether, under Section 4 of the Federal Coal Leasing Amendments Act, plaintiffs have any "valid existing rights" which are exempt from the operation of the new act. If there are any such rights, the plaintiffs may proceed in accordance with the Mineral Leasing Act of 1920 and ultimately may receive a lease. If no prior rights are found to exist the applications for a prospecting permit must be denied.

Plaintiffs' "valid existing rights", if in fact they do exist, must be founded upon their 1971 applications for coal prospecting permits under the Mineral Leasing Act of 1920. The effect of an application under that act, has been the subject of discussion in other courts. In *Schraier v. Hickel*, 136 U.S.App.D.C. 81, 419 F.2d 663, 667 (1969), the Court stated, "The filing of an application which has not been accepted does not give any right to a lease, or generate a legal interest which reduces or restricts the discretion vested in the Secretary whether or not to issue leases for the lands involved." A similar view was taken in *Hannifen v. Morton*, 444 F.2d 200, 203 (C.A.10, 1971), where the Court said that "To . . . recognize that the mere filing of an application creates a property right which is immune from modification, would seriously handicap the Secretary in the exercise of his proprietary duties." Very recently, in *Arnold v. Morton*, 529 F.2d 1101, 1106 (C.A.9, 1976) the Court held that a mere application for a lease vests no rights in the applicant except the right to have his application fairly treated under the applicable statutory criteria.

While those cases concerned oil and gas lease applications, the same characterization of an application has been applied to coal prospecting permits, viz., *Krueger v. Morton*, 176 U.S.App.D.C. 233, 539 F.2d 235 (1976), *Hunter v. Morton*, 529 F.2d 645 (C.A.10, 1976). Both *Krueger* and *Hunter* concerned an applicant who had been denied a permit pursuant to Secretarial Order No. 2952. Each of those courts upheld the denial of the applications. The Tenth Circuit in the *Hunter* case addressed the nature of a prospecting application and found that the "applicant . . . acquired no property interest or property right." *Supra* at 648. A nearly identical finding was made in *Krueger. Supra*, 539 F.2d at 238.

■ The legislative history of the Federal Coal Leasing Amendments Act of 1975 removes any doubt as to the meaning of "valid existing rights." The Senate Committee on Interior and Insular Affairs (in S.Rept. No. 94-296, 94th Cong., 1st Sess. (1975) p. 15) stated:

"The Committee wishes to stress that the repeal of Subsection 2(b) is expressly 'subject to valid existing rights' and thus is not intended to affect any valid prospecting permit *outstanding at the time of enactment of the amendments*. Any applications for preference right leases based on such permits could be adjudicated on their merits . . . if the requirements of Subsection 2(b) of the 1920 Act . . . were met." (Emphasis supplied.)

The only possible conclusion that can be reached, after reading of the cases previously cited and the legislative history, is that no valid existing rights were created until at least a prospecting permit had been issued under the Mineral Leasing Act. An application for a coal prospecting permit is simply not the kind of valid existing right that was contemplated under Section 4 of the Federal Coal Leasing Amendments Act of 1975.

Plaintiffs rely upon *Stockley v. United States*, 260 U.S. 532, 43 S.Ct. 186, 67 L.Ed. 390. However, the court in *Stockley* stated that existing valid claims can be something less than a vested right. *Stockley* involved an entryman who had made a selection under the homestead law. An entryman had an absolute right to patent once he had fulfilled the statutory requirements of the Homestead Act. The Secretary of Interior had no discretion as to whether to grant or deny a patent. If the specified conditions of the law had been complied with, the Secretary was required to issue a patent to the entryman. But, in contrast, the Mineral Leasing Act of 1920, Section 2(b), gives the Secretary of Interior discretion in rejecting or accepting an application. An application subject to such discretion has been termed a "proposal" rather than a "selection". *Schraier v. Hickel, supra*, 136 U.S. App.D.C. 81, 419 F.2d at 667. *Stockley* is therefore not applicable to the present case.

■ For the foregoing reasons it is obvious that Plaintiffs' applications for coal prospecting permits must be denied. The Secretary of Interior no longer has authori-

ty to issue prospecting permits under the Federal Coal Leasing Amendments Act. Furthermore, the Plaintiffs do not have any valid existing rights which would save them from the operation of that act. Finally, the Plaintiffs have not been denied due process as they have alleged. Applications for coal prospecting permits are not protectable interests, but mere proposals subject to the discretion of the Secretary.

It has also been held that in the absence of any special adverse treatment by the Secretary of Interior there is not a denial of due process. Other applicants were caught up in Secretarial Order No. 2952, and their applications were not treated any more favorably than Plaintiffs. *Goodwin v. Andrus*, C–8105 (D.Colo. November 25, 1975). It is therefore, the decision of this Court that the Plaintiffs' applications for coal prospecting permits and Plaintiffs' Motion for Summary Judgment must be denied, and Defendant's Motion for Summary Judgment must be granted, and that this opinion shall constitute the Court's findings of fact and conclusions of law.